

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-26-00317-CR

Rene Joe **GONZALES**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 437th Judicial District Court, Bexar County, Texas
Trial Court No. 2024-CR-012300
Honorable Joel Perez, Judge Presiding

PER CURIAM

Sitting:     Lori I. Valenzuela, Justice
             Lori Massey Brissette, Justice
             Adrian A. Spears II, Justice

Delivered and Filed: July 22, 2026

DISMISSED FOR LACK OF JURISDICTION

On April 6, 2026, appellant filed a notice of appeal challenging "the judgment of conviction and sentence rendered on April 2, 2026." The trial court's certification of appellant's right to appeal states that this matter:

> is a plea bargain case, but matters were raised by written motion filed and ruled on before trial and not withdrawn or waived, and the defendant has the right of appeal, *specifically, the defendant contested his certification as an adult and reserves the right to appeal that certification* (emphasis added).

*See* TEX. R. APP. P. 25.2(2) (limiting a defendant's right to appeal in a plea bargain case).

When the clerk's record was initially filed in this appeal, it did not contain records or orders from any juvenile court proceedings regarding appellant. Specifically, it did not contain an order from a juvenile court waiving jurisdiction and transferring appellant to criminal district court for prosecution as an adult. *See* TEX. FAM. CODE § 54.02. Nor did the appellate record otherwise indicate the date when any such order was signed by the juvenile court.

Section 56.01 of the Texas Family Code provides that a direct appeal may be taken "from an order entered under . . . Section 54.02 respecting transfer of the child for prosecution as an adult." TEX. FAM. CODE § 56.01(c)(1)(A). "If the child and his parent, guardian, or guardian ad litem express a desire to appeal, the attorney who represented the child before the juvenile court shall file a notice of appeal *with the juvenile court*[.]" *Id.* § 56.01(f) (emphasis added).

While Texas law once "required a juvenile to wait until he was convicted of the offense for which his case was transferred before he could appeal the transfer," the legislature amended the Family Code in 2015 to provide that "a juvenile may now appeal an order entered under section 54.02 respecting transfer of the child for prosecution as an adult at the time the order is entered[.]" *See Chaparro v. State*, No. 07-14-00153-CR, 2016 WL 2898017, at *2 n.3 (Tex. App.—Amarillo May 12, 2016, no pet.) (mem. op., not designated for publication). "The requirements governing an appeal are as in civil cases generally." TEX. FAM. CODE § 56.01(b). We have previously held "that a notice of appeal from a juvenile transfer order . . . must be filed timely within the time allowed by" the Texas Rules of Appellate Procedure. *See In re Matter of E.F.F.*, No. 04-24-00341-CV, 2024 WL 3588400, at *1–2 (Tex. App.—San Antonio July 31, 2024, no pet.) (per curiam) (mem. op.). Because section 56.01 provides that "an appeal of an order waiving jurisdiction under Section 54.02 and transferring a child to criminal court for prosecution" shall be treated as an

accelerated appeal, *see* TEX. FAM. CODE § 56.01(h-1), appellant's notice of appeal from the order transferring him to criminal district court was due 20 days after the juvenile court signed it. TEX. R. APP. P. 26.1(b).

Here, the clerk's record as originally filed did not indicate that the appellant timely filed a notice of appeal in the juvenile court. Instead, it showed that he filed his notice of appeal in the criminal district court after that court signed a final judgment of conviction. Because the record before this court did not contain the information necessary for us to determine whether appellant timely filed his notice of appeal, we ordered him to show cause why this appeal should not be dismissed for lack of jurisdiction. We additionally ordered him to arrange for the filing of any necessary supplemental records from the juvenile court.

On June 8, 2026, appellant's appointed counsel filed a response that: (1) represented that the juvenile court record showed "Appellant was certified as an adult on November 1, 2024"; and (2) conceded that the notice of appeal was untimely. On June 10, 2026, the district clerk filed a supplemental clerk's record that contained a November 1, 2024 order from the juvenile court waiving jurisdiction and transferring appellant to criminal district court for prosecution as an adult. The supplemental clerk's record was thus consistent with appointed counsel's response.

Because appellant's April 6, 2026 notice of appeal was filed more than 20 days after the juvenile court signed its order, the notice of appeal was untimely. *See* TEX. R. APP. P. 26.1(b); *In re Matter of E.F.F.*, 2024 WL 3588400, at *1–2. We therefore dismiss this appeal for lack of jurisdiction.

PER CURIAM

DO NOT PUBLISH